## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT CIPOLLINI,                          :

          Plaintiff              :       CIVIL ACTION NO. 3:22-1000

    v.                                       :            (JUDGE MANNION)

ROB SHARP and                            :
MORGAN BELL,
                          :

         Defendants             :

                          :

## O R D E R

Pending before the court is the report of Magistrate Judge William I. Arbuckle, which recommends that the plaintiff's complaint (Doc. 1) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. (Doc. 11). The plaintiff has failed to file objections to the report and recommendation of Judge Arbuckle.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)).

Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff lodged his complaint on June 24, 2022, alleging that he was denied access to the library by the "Luzerne County Paroll [sic] department." Judge Arbuckle permitted the plaintiff to proceed *in forma pauperis* and, on September 30, 2022, his complaint was given preliminary screening. Judge Arbuckle determined that the plaintiff's complaint failed to state a claim upon which relief can be granted and gave the plaintiff an opportunity to file an amended complaint on or before October 22, 2022. The plaintiff was later given an extension of time until December 30, 2022 to file his amended complaint. As of the date of the instant report, the plaintiff never filed an amended complaint.

Judge Arbuckle now recommends that the plaintiff's complaint, as it stands, should be dismissed as it fails to comply with the provisions of Fed.R.Civ.P. 8(a) and therefore fails to state a claim upon which relief can be granted. Specifically, Judge Arbuckle indicates that the complaint fails to allege how the plaintiff is entitled to any relief. Construing the plaintiff's claim as a First Amendment "access-to-the-courts" claim, Judge Arbuckle provides

that the plaintiff has failed to allege how he sustained an actual injury because of the failure to allow him access to the library. Moreover, the plaintiff fails to allege "how he was denied such access, who denied him, when he was denied, where he was denied, or why he was denied." (Doc. 11, p. 7). He simply alleges he was denied access to the library. Judge Arbuckle concludes that the plaintiff's one-sentence claim is insufficient to allow the defendant's a meaningful opportunity to answer or plead. Moreover, since the plaintiff has already been granted an opportunity to amend his complaint and failed to do so, Judge Arbuckle suggests that granting the plaintiff and further leave would be futile.

Upon review of Judge Arbuckle's report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Arbuckle to his conclusions. As such, the court will adopt Judge Arbuckle's report in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Arbuckle **(Doc. 11)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The plaintiff's complaint **(Doc. 1)** is **DISMISSED,** without leave to amend, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.


MALACHY E. MANNION
United States District Judge

**DATE: February 2, 2023**
22-1000-01